ADDENDA (*by request*).

IN RE STONE (*ante*, p. 336).

FINDINGS OF FACT AND ORDER OF CLERK OF SUPERIOR COURT OF WAKE COUNTY.

This motion to allow attorneys' fees in this proceeding coming on to be heard on 29 June, 1918, and being heard, the court overrules the motion to dismiss for want of jurisdiction, and the said guardian excepting to the same, R. W. Winston, Col. John W. Hinsdale, and John W. Hinsdale, Jr., testify in the case. It is agreed that all orders, records and evidence, including orders, pleadings, judgments and decrees

in this litigation in all the courts, constitute a part of the evidence now taken.

The following facts from the evidence are found in addition to what appears in the record:

Emmet P. Stone was appointed next friend of the infant, Thomas S. Stone, in September, 1916; previous to said date he had employed M. N. Amis in this matter. Subsequent to said time he employed Winston & Biggs as attorneys to represent him as next friend of said infant, and he likewise continued the employment of Mr. Amis after he was appointed next friend. The amount of the fee to be paid said attorneys was not agreed upon or mentioned, but the next friend instructed them to recover the said infant's part of the $10,500 in litigation.

The administratrix, Mrs. Stone, filed her final report 22 June, 1916, in which she stated that $10,500 was paid her not as administratrix but in her individual capacity, and that it was not included in her report as administratrix. The clerk heard protracted argument and adjudged that when she received said sum as administratrix, by operation of law, it passed to her as guardian, and she was responsible as guardian for two-thirds of same which belonged to her ward. She appealed to the Superior Court and lost, and then to the Supreme Court of North Carolina and lost, and then to the Supreme Court of the United States and her appeal was dismissed because her attorneys committed the error of applying for a writ of error instead of a *certiorari*.

Winston & Biggs and M. N. Amis rendered necessary services for the next friend in the Superior Court before the clerk and before *Bond, J.*, in the Supreme Court of North Carolina, in the Supreme Court of the United States, and then again before the clerk, and again before *Judge Ferguson* in the Superior Court, and again in the clerk's court to require her to file a final account and to include the sum of $6,500, and upon a motion to attach her for contempt.

In each matter she filed an answer, attempting to raise a Federal question and claiming that she was not estopped by any proceedings because the United States Court had not passed on her appeal. Said attorneys instituted suit in the Superior Court, filed a complaint and notice of *lis pendens* to bind the house and lot which she purchased with the money paid her by the railroad for the death of her husband; that she did not recognize the interest of said infant in said fund until this proceeding was begun; that she converted the said sum to her own use in purchasing a house and lot and taking a deed in her own name and in lending out the same in her own name, and that that condition exists now. That the services of said attorneys were necessary to protect said infant's estate and were valuable, and that the result of said

services was the addition of $6,500 to said estate. That Col. John W. Hinsdale and John W. Hinsdale, Jr., are attorneys of this bar in good standing and large experience, and that after hearing the testimony of R. W. Winston as a witness, and from their knowledge and experience as lawyers, testified that $1,000 was a reasonable fee for services rendered. That a printed brief was filed in the Supreme Court of North Carolina and of the United States, and an oral argument in both courts; that R. W. Winston went to Washington and was out of his office four days in the necessary representation of said case to the United States Supreme Court; that the necessary expenses of said trip which he paid was about $50, and that he has paid the necessary costs of the case as it proceeded; that the next friend is the uncle of the infant on his father's side; that he has never had any funds or property of the infant in hand; that said next friend acted throughout the said litigation in good faith; that each step taken was necessary to protect the infant's estate, and but for the same the infant might have lost the entire $6,500; that the matters involve delicate and difficult law questions which have been hotly contested by Mrs. Stone and her attorneys; that the attorneys of the next friend have had numerous conferences and have given a great deal of time and attention to the preparation of the case; that the Supreme Court of the State was divided on the case by a 3 to 2 vote.

Upon the foregoing facts and from the entire record it is adjudged that the fund of $6,500 recovered in this litigation, and a large portion of which is now in the guardian's hands and under the supervision of this court so recovered for said infant by the efforts and labors of said next friend and his attorneys, should not escape the necessary costs and expenses incurred in its recovery, and that in addition to the other costs to be taxed by this court that $650 be by said guardian paid into this court as necessary and proper costs of the attorneys of record in making and saving said recovery to said infant's estate. It is ordered that the said guardian pay said sum of $650 into this court for said purposes.

From this order the guardian appeals, and so do the attorneys for the next friend. The bill of the attorneys will constitute a part of the record.　　　　　　　(Signed) MILLARD MIAL, C. S. C.

### JUDGMENT OF STACY, JUDGE.

This cause coming on to be heard at the June Term, 1918, of Wake Superior Court, before Hon. W. P. Stacy, judge presiding, upon the appeals by both sides from the order of Millard Mial, Clerk of the Superior Court of Wake County, entered in this cause on 29 June, 1918, and being duly heard, after due consideration and after argument by

counsel for each side, the findings of fact of said clerk are in all respects approved and confirmed by the court, except the allowance of $650 to the attorneys for the next friend; and as to that the court is of the opinion, and so finds, that said sum is not a reasonable fee, but that $1,000 is a reasonable and proper fee for said attorneys, and the findings of fact and order of said clerk is modified in this respect.

W. P. STACY, <em>Judge Presiding.</em>